UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| First Merit Bank, N.A., as successor in interest to the FDIC, Receiver for Midwest Bank and Trust Company, ) ) ) ) | |
| Plaintiff, ) ) | Case No.: 1:14-cv-9981 |
| v. ) ) | District Judge: |
| Chicago Title Land Trust Company, as Successor Trustee for MB Financial Bank, N.A., as successor Trustee for South Holland Trust and Savings Bank, as Trustee u/t/a Dated October 27, 1997 and known as Trust No. 11557, Akhtar Ali, Shakeel A. Chaughtai, Atlas Khan, City of Chicago Heights, GreatBanc Trust Company f/k/a North Star Trust Company, Trust Number 1157, ) ) ) ) ) ) ) ) ) ) | Honorable Elaine E. Bucklo  Property Address: 844 S. Halsted Street Chicago Heights, IL |
| Defendants. ) | |

**DEFENDANT AKHTAR ALI'S ANSWER**
**TO PLAINTIFF'S COMPLAINT FOR FORECLOSURE AND OTHER RELIEF**

NOW COMES Defendant Akhtar Ali, by and through his Attorney, Edward I. Grossman, and for his Answer to Plaintiff's Complaint for Foreclosure and Other Relief states as follows:

1. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraphs 1 and 2.

3. Defendant admits paragraph 3.

4. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraphs 4 and 5.

6. Defendant admits paragraph 6.

7. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 7.

8. Paragraph 8 of the Complaint states a conclusion of law to which no response is necessary.

9. Defendant admits that, to the extent that the Court has subject-matter jurisdiction, venue is proper in this Court.
10. Defendant admits paragraph 10
11. Defendant admits that he received a loan as described in Paragraph 11, but Defendant has insufficient knowledge to form a belief as to whether the copy of the Original Note attached to Plaintiff's Complaint is a true and accurate copy.
12. Defendant admits that the note was renewed as described in Paragraph 12, but Defendant has insufficient knowledge to form a belief as to whether the copy of the Note attached to Plaintiff's Complaint is a true and accurate copy.
13. Defendant admits that the note was amended as described in Paragraph 13, but Defendant has insufficient knowledge to form a belief as to whether the copy of the Amendment attached to Plaintiff's Complaint is a true and accurate copy.
14. Defendant admits that the note was amended a second time as described in Paragraph 14, but Defendant has insufficient knowledge to form a belief as to whether the copy of the 2nd Amendment attached to Plaintiff's Complaint is a true and accurate copy.
15. Defendant admits that the Mortgage was granted as described in Paragraph 15, but Defendant has insufficient knowledge to form a belief as to whether the copy of the Mortgage attached to Plaintiff's Complaint is a true and accurate copy.
16. Paragraph 16 of the Complaint states a conclusion of law to which no response is necessary. To the extent that an answer is required, Defendant has insufficient knowledge to form a belief as to the allegations in paragraph 16.
17. Information concerning the Mortgage:
    a. Defendant admits paragraphs 17(a)-17(i)
    j. Paragraph 17(j) of the Complaint states conclusions of law to which no response is necessary. To the extent that an answer is required as to the Statement as to Defaults an Amounts Now Due, Defendant has insufficient knowledge to form a belief as to the allegations in paragraph 17(j).
    k. Defendant admits paragraph 17(k)
    l. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 17(l).

    m. Paragraph 17(m) of the Complaint states a conclusion of law to which no response is necessary. To the extent that an answer is required, Defendant denies paragraph 17(m).

    n. Paragraph 17(n) and paragraph 17(o) of the Complaint state conclusions of law to which no response is necessary. To the extent that an answer is required, Defendant has insufficient knowledge to form a belief as to the allegations in paragraph 17(n) and 17(o).

**Deemed Allegations**

Defendant Akhtar Ali hereby answers the following factual allegations deemed and construed to be part of Plaintiff's Complaint for Foreclosure pursuant to 735 ILCS 5/15-1504(c):

18. Defendant has insufficient information to form a belief as to whether the obligor of the indebtedness or other obligations secured by the mortgage was justly indebted in the amount of the indicated original indebtedness to the original mortgagee or payee of the mortgage note;

19. Defendant has insufficient information to form a belief as to whether the exhibits attached are true and correct copies of the mortgage and note;

20. Defendant has insufficient information to form a belief as to whether the amounts indicated in the Complaint are correctly stated.

21. Defendant has insufficient information to form a belief as to whether any Assignments attached to Plaintiff's Complaint are valid or authentic.

22. Defendant has insufficient information to form a belief as to whether any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given;

23. Defendant has insufficient information to form a belief as to whether any and all periods of grace or other period of time allowed for the performance of the covenants or conditions claimed to be breached or for the curing of any breaches have expired.

**WHEREFORE**, Defendant Akhtar Ali respectfully requests that this Honorable Court deny all relief requested by Plaintiff.

## COUNT II – BREACH OF CONTRACT

1. Defendant admits that he received a loan as described in Paragraph 1, but Defendant has insufficient knowledge to form a belief as to whether the copy of the Original Note attached to Plaintiff's Complaint is a true and accurate copy.
2. Defendant admits that the note was renewed as described in Paragraph 2, but Defendant has insufficient knowledge to form a belief as to whether the copy of the Note attached to Plaintiff's Complaint is a true and accurate copy.
3. Defendant admits that the note was amended as described in Paragraph 3, but Defendant has insufficient knowledge to form a belief as to whether the copy of the Amendment attached to Plaintiff's Complaint is a true and accurate copy.
4. Defendant admits that the note was amended a second time as described in Paragraph 4, but Defendant has insufficient knowledge to form a belief as to whether the copy of the 2nd Amendment attached to Plaintiff's Complaint is a true and accurate copy.
5. Paragraph 5 of Count II states a conclusion of law to which no response is necessary. To the extent that an answer is required, Defendant has insufficient knowledge to form a belief as to the allegations in paragraph 5.

[Plaintiff's Count II does not contain paragraphs 6 or 7]

8. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 8.
9. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 9.
10. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 10.
11. Paragraph 11 of Count II states a conclusion of law to which no response is necessary. To the extent that an answer is required, Defendant has insufficient knowledge to form a belief as to the allegations in paragraph 11.
12. Paragraph 12 of Count II states a conclusion of law to which no response is necessary. To the extent that an answer is required, Defendant has insufficient knowledge to form a belief as to the allegations in paragraph 12.

13. Paragraph 13 of Count II states a conclusion of law to which no response is necessary. To the extent that an answer is required, Defendant has insufficient knowledge to form a belief as to the allegations in paragraph 13.

**WHEREFORE**, Defendant Akhtar Ali respectfully requests that this Honorable Court deny all relief requested by Plaintiff.

| | |
|---|---|
| Edward I. Grossman (ARDC# 6180878) | Respectfully Submitted, |
| EGROSSMAN@CLCLAW.ORG | **Akhtar Ali** |
| The Chicago Legal Clinic, Inc. | |
| 2938 E. 91st Street | |
| Chicago, Illinois 60617 | By: /s/Edward I. Grossman |
| (773) 731-1762 | Edward I. Grossman |
| | Attorney for Akhtar Ali |

## CERTIFICATE OF SERVICE

I, Edward Grossman, an attorney, hereby certify that on January 30, 2015, I served the above and foregoing, by causing true and accurate copies of such paper to be filed and transmitted to all parties and their counsel of record via the Court's CM/ECF electronic filing system.

By: /s/Edward I. Grossman