## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| First Merit Bank, N.A., as successor in interest to the FDIC, Receiver for Midwest Bank and Trust Company, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:14-cv-9981 |
| | ) | |
| v. | ) | District Judge: |
| | ) | |
| Chicago Title Land Trust Company, as Successor Trustee for MB Financial Bank, N.A., as successor Trustee for South Holland Trust and Savings Bank, as Trustee u/t/a Dated October 27, 1997 and known as Trust No. 11557, Akhtar Ali, Shakeel A. Chaughtai, Atlas Khan, City of Chicago Heights, GreatBanc Trust Company f/k/a North Star Trust Company, Trust Number 1157, | ) ) ) ) ) ) ) ) ) ) | Honorable Elaine E. Bucklo  Property Address: 844 S. Halsted Street Chicago Heights, IL |
| | ) | |
| Defendants. | ) | |

## DEFENDANT AKHTAR ALI'S MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF RECEIVER

Defendant, Akhtar Ali, by his attorney, Edward I. Grossman, submits this Memorandum of Law in Opposition to Plaintiff's Motion for Appointment of Receiver.

## INTRODUCTION

Plaintiff First Merit Bank, N.A., has brought this action to foreclosure on a commercial property—namely, a vacant but secured gas station located at 844 S. Halsted Street in Chicago Heights, Illinois. Before Defendant Akhtar Ali ("Mr. Ali") even had an opportunity to file an appearance or a response to Plaintiff's Complaint, Plaintiff filed its Motion for Appointment of Receiver. Mr. Ali now seeks to have Defendant's motion denied based on good cause shown.

## ARGUMENT

In its argument Plaintiff relies on section 735 ILCS 5/15-1701(b)(2) of the Illinois Mortgage Foreclosure Law ("IMFL") which states as follows:

[I]f (i) the mortgagee is so authorized by the terms of the mortgage or other written instrument, and (ii) the court is satisfied that there is a reasonable probability that the mortgagee will prevail on a final hearing of the cause, the mortgagee shall upon request be placed in possession of the real estate, except that if the mortgagor shall object and show good cause, the court shall allow the mortgagor to remain in possession.

There exists good cause in this case to deny the appointment of a receiver because (1) the gas station at issue is vacant and secure thus the appointment of a receiver would not serve any purpose for appointing a receiver outlined in the Mortgage, and (2) Mr. Ali and Co-Defendant Atlas Khan have worked extensively with the Office of the Illinois Attorney General to resolve environmental issues with the Property and the appointment of a receiver would stifle those efforts.

**(1) The appointment of a receiver would not satisfy any purpose of the Mortgage provision authorizing such an appointment.**

The provision of the Mortgage granting Plaintiff the right to seek appointment of a receiver states as follows:

"Mortgagee in Possession. Lender shall have the right to be placed as mortgagee in possession or to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness." (Ex. E of Plaintiff's Complaint, p.9)

Neither of the reasons outlined above that would justify the appointment of a receiver are satisfied in the instant case. First, Plaintiff is seeking to appoint a receiver to oversee a gas station that is vacant and already secured. Mr. Ali and Co-Defendant Atlas Khan have done all that is necessary to protect the gas station in its current state, thus any receiver appointed would not have any role to fulfill in that regard. Second, the gas station is not operational nor is it generating any sort of income whatsoever. It is clear that in this case the receiver would have nothing to oversee or operate on the property, nor would a receiver have any rents to collect.

Illinois courts have not precisely defined the meaning of "good cause" under section 15-1701(b)(2) of the IMFL. *Home Life Ins. V. American Nat. Bank and Trust*, 777 F. Supp. 629 (N.D. Ill., 1991). Given the nature of the property, its current condition, and the provision of the mortgage at issue, there would be absolutely no purpose fulfilled by the appointment of a

receiver in this case. Such paucity of any reason to appoint a receiver is surely good cause to deny such an appointment— thus this Court should deny Plaintiff's motion.

**(2) The appointment of a receiver would impede efforts by Mr. Ali, Co-Defendant Atlas Khan, and the Illinois Attorney General's office to resolve environmental issues related to the Property.**

As noted above, courts have not precisely defined the meaning of "good cause" under section 15-1701(b)(2) of the IMFL. Additionally, courts have hesitated to find good cause where a mortgagor was merely negotiating with prospective tenants or other purchasers. *PNC Bank, N.A. v. Janiga*, Case No. 12-cv-9383 (N.D. Ill., 2013).

In this case, Mr. Ali is not merely seeking to find additional tenants; he is working with Co-Defendant Atlas Khan and Evan McGinley from the Illinois Attorney General's Office to resolve an outstanding issue regarding environmental problems with the Property. Litigation of that issue is ongoing in the Circuit Court of Cook County, case number 2014-CH-16589, and the Defendant and Mr. Atlas Khan have been working tirelessly to resolve the issue.

If a receiver were appointed in this matter, it would not only fail to achieve any of the objectives contemplated by the Mortgage, but it would hinder current efforts to resolve those issues by bringing a complete stranger into the fold with no knowledge of the ongoing environmental issues or the attempts to settle them.

## <u>CONCLUSION</u>

In sum, Defendant Akhtar Ali has shown that the appointment of a receiver in this matter runs afoul of the underlying purpose behind appointing a receiver and would additionally stifle current attempts to resolve environmental issues with the property. As a result, Plaintiff's Motion for the Appointment of Receiver must be denied for good cause shown.

Edward I. Grossman (ARDC# 6180878)
EGROSSMAN@CLCLAW.ORG
The Chicago Legal Clinic, Inc.
2938 E. 91st Street
Chicago, Illinois 60617
(773) 731-1762

Respectfully Submitted,
**Akhtar Ali**

By:_____/s/Edward I. Grossman_____
Edward I. Grossman
Attorney for Akhtar Ali

<u>**CERTIFICATE OF SERVICE**</u>

I, Edward Grossman, an attorney, hereby certify that on January 30, 2015, I served the above and foregoing, by causing true and accurate copies of such paper to be filed and transmitted to all parties and their counsel of record via the Court's CM/ECF electronic filing system.

By:_____/s/Edward I. Grossman_____